IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 16 2006

**GREGORY C. LANGHAM**
CLERK

Civil Action No. 06-cv-00268-BNB

SHANE BURDEN,

      Plaintiff,

v.

CATHIE HOLST, AIC-ADA, Inmate Coordinator, Under Color of State Law Official
      Capacity,
TERSA REYNOLDS, Acting Under Cathie Holst, Under Color of State Law Official
      Capacity,
C. OLEN, Mental Health, Under Color of State Law Official Capacity,
TRAVIS TRANI, Chairman of Committee, Under Color of State Law Official Capacity,
GARY WATKINS, Administrative Head, Under Color of State Law Official Capacity,
G. ATKINS, Administrative Head, Under Color of State Law Official Capacity,
R. LEWIS, Case Mgr, Under Color of State Law Official Capacity, and
J. HART, Mental Health, Under Color of State Law Official Capacity,

      Defendants.

---

## ORDER TO DISMISS IN PART AND TO DRAW CASE
## TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Plaintiff Shane Burden is in the custody of the Colorado Department of

Corrections and currently is housed at Arkansas Valley Correctional Facility in Crowley,

Colorado.  On February 1, 2006, Mr. Burden submitted to the Court a *pro se* Prisoner

Complaint pursuant to 42 U.S.C. § 1983.  Magistrate Judge Boyd N. Boland reviewed

the Complaint and entered an order on March 30, 2006, directing Plaintiff to

amend and assert personal participation by each named Defendant.  Plaintiff filed an Amended Complaint on April 17, 2006.

The Court must construe the Amended Complaint liberally, because Mr. Burden is a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If a complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [a court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Hall*, 935 F.2d at 1110.  However, a court should not act as a *pro se* litigant's advocate.  *See id.*

As noted above, Magistrate Judge Boland ordered Mr. Burden to clarify how each Defendant personally participated in the asserted constitutional violations.  Personal participation is an essential allegation in a civil rights action.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Mr. Burden must show that each Defendant caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each named Defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

2

The Court has reviewed the Amended Complaint filed in this action.  Plaintiff asserts seven claims.  Each of the seven claims relate to his claim that he has been wrongfully classified as a sex offender in violation of his constitutional rights.  Mr. Burden seeks injunctive relief and compensatory damages.

Despite Magistrate Judge Boland's directions to allege specific facts that demonstrate how each named Defendant personally participated in the asserted constitutional violations, Mr. Burden again fails to allege any personal participation by Defendants Cathie Holst, Tersa Reynolds, Travis Trani, Gary Watkins, G. Atkins, R. Lewis, and J. Hart.  Therefore, because the facts Mr. Burden asserts do not support arguable claims against Defendants Holst, Reynolds, Trani, Watkins, Atkins, Lewis, and Hart, they will be dismissed from the action.

To the extent Plaintiff claims that Defendant C. Olen has failed to address his inappropriate classification as a sex offender, the claim against Defendant Olen will be drawn to a district judge and to a magistrate judge.  Accordingly, it is

ORDERED that Defendants Cathie Holst, Tersa Reynolds, Travis Trani, Gary Watkins, G. Atkins, R. Lewis, and J. Hart are dismissed as parties to this action.  It is

FURTHER ORDERED that the Clerk of the Court shall remove Defendants Cathie Holst, Tersa Reynolds, Travis Trani, Gary Watkins, G. Atkins, R. Lewis, and J. Hart from the docket as parties to the action.  It is

FURTHER ORDERED that the case and the claim alleged against remaining Defendant C. Olen shall be drawn to a district judge and to a magistrate judge.  It is

FURTHER ORDERED that the Clerk of the Court shall correct the Docket to reflect Plaintiff's most current address, as provided to the Court on March 30, 2006, in Document No. 13.

DATED at Denver, Colorado, this _15_ day of _____May_____, 2006.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No.  06-cv-00268-BNB

Shane Burden
Prisoner No. 62763
Arkansas Valley Corr. Facility
PO Box 1000
Crowley, CO 81034

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on____5·16·06____

GREGORY C. LANGHAM, CLERK

By:_____
Deputy Clerk