IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00268-ZLW-MEH

SHANE BURDEN,

    Plaintiff,

v.

C. OLEN, Mental Health, Under color of State Law Official Capacity,

    Defendant.

## ORDER ON PLAINTIFF'S MOTION TO RECONSIDER DENIAL IN PART

Before the Court is Plaintiff's Motion for Reconsideration [Docket #59]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R 72.1.C, this matter has been referred to this Court for resolution. For the reasons set forth below, Plaintiff's Motion is **denied** to the extent that it seeks reconsideration and **granted** to the extent that it seeks a clarification of this Court's Recommendation.

Plaintiff initially filed suit against the Attorney General of the State of Colorado, the Department of Corrections, and several officers within the department, alleging that he has been improperly classified as a sex offender without receiving any due process, in violation of the Eighth Amendment prohibition against cruel and unusual punishment. On March 30, 2006, Magistrate Judge Boland conducted an initial review of Plaintiff's Complaint and determined that Plaintiff failed to state a claim upon which relief could be granted as to several Defendants. Judge Boland ordered Plaintiff to file an Amended Complaint setting forth sufficient allegations to state claims against all Defendants. Plaintiff filed his Amended Complaint (#16), and after reviewing the same, District Judge Zita L. Weinshienk ordered the dismissal of all Defendants except Defendant C. Olen, due to

Plaintiff's failure to assert arguable claims against the other Defendants (#19).

The Recommendation of this Court, for which Plaintiff seeks reconsideration, addressed Defendant Olen's Motion to Dismiss based on Eleventh Amendment immunity and *res judicata* (#42). This Court concluded that Plaintiff could not seek damages against Defendant Olen in his official capacity because of Eleventh Amendment immunity, but further determined that *res judicata* did not bar Plaintiff's claims. This recommendation is currently pending before District Judge Weinshienk.

Plaintiff argues in support of his Motion for Reconsideration that he has established several methods for relief, that he has objected to the dismissal of the other Defendants, that *res judicata* does not apply, and that Colorado state law supports his right to bring suit against all originally-named Defendants.

The Court construes a *pro se* plaintiff's pleadings liberally. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the Court will consider this Motion as both seeking reconsideration of this Court's Recommendation as well as a clarification of the same.

First, Plaintiff mistakenly concludes that methods of relief constitute claims for relief. As stated in District Judge Weinshienk's Order, "Mr. Burden must show that each Defendant *caused* the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985)." Dock. #19, p.2 (emphasis added). It is their *involvement* in the alleged violation, not their ability to provide the remedy Plaintiff seeks, that can subject them to suit. In addition, three of the listed methods of relief constitute injunctive relief, which Plaintiff may still pursue in this lawsuit. The only relief barred by Eleventh Amendment immunity is Plaintiff's claim for monetary relief.

Second, Plaintiff's Motion for Reconsideration regarding that Order (#21) is pending before

District Judge Weinshienk. It is not properly within the scope of this Court's review of its Recommendation.

Third, this Court recommended that *res judicata* not be considered a bar to Plaintiff's claims. In this respect, the Recommendation denied Defendant's Motion to Dismiss and concluded that Plaintiff's claims should proceed. Thus, Plaintiff has no reason to object to this conclusion.

Fourth, Plaintiff relies on state law to support his right to bring suit against the other Defendants. Once again, this argument addresses a decision made by District Judge Weinshienk and was not considered in this Court's Recommendation.

Finally, Plaintiff is reminded that pursuant to this Court's Recommendation, the proper method for seeking review of that Recommendation is to file an "Objection to the Recommendation" so that District Judge Weinshienk can address his objections.

Accordingly, for the reasons stated above, Plaintiff's Motion to Reconsider Denial in Part [Filed January 3, 2007; Docket #59] is **granted** in part and **denied** in part. Specifically, it is granted to the extent that is seeks a clarification of this Court's Recommendation and denied in all other respects.

Dated at Denver, Colorado this 10th day of January, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge